**THE SKIVER LAW FIRM**
Ryan Skiver, State Bar No. 024552
Stephen A. Skiver, State Bar No. 031878
7201 E. Camelback Road, Suite 290
Scottsdale, AZ 85251
Telephone: (480) 626-1667
Facsimile: (480) 482-7285
Email: rskiver@skiverlawfirm.com
Email: sskiver@skiverlawfirm.com
*Attorneys for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Lucero, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| v. | |
| STI Trucking, Inc., an Indiana Corporation; Alexander Kim and Jane Doe Kim, Husband and Wife; Dmitry Karp and Jane Doe Karp, Husband and Wife, | |
| Defendants. | |

Plaintiff Joseph Lucero (hereinafter "Plaintiff" or "Mr. Lucero"), by and through undersigned counsel, for his complaint against Defendants STI Trucking, Inc., Alexander Kim, and Dmitry Karp, states and alleges as follows:

### **PREFACE**

1.     This case involves a trucking company's conduct that fell below industry standards by not having or enforcing adequate policies, practices, and procedures to maintain its trucks and/or qualify, train, and supervise its drivers, which led to its driver's failure to

properly inspect and pay attention while driving, resulting in its tractor trailer crashing into the cab of a semi-truck.

2.      Defendants caused the crash when a tractor trailer owned by Defendant STI Trucking, Inc. and operated by Defendant Kim smashed into the cab of a semi-truck on Interstate 40 at or around milepost 80, in Mohave County, Arizona on August 22, 2020, at approximately 3:48 p.m.

3.      Plaintiff, a member of the traveling public and the driver of the semi-truck that STI Trucking's driver Kim smashed into, sustained significant and permanent injuries and damages caused by the crash.

## PARTIES, JURISDICTION & VENUE

4.      Plaintiff is, and was at all times relevant, a resident of New Mexico.

5.      Upon information and belief, Defendant STI Trucking, Inc. (hereinafter "Defendant STI Trucking") is an Indiana corporation.

6.      At all times relevant, STI Trucking was authorized and did conduct business in Mohave County, Arizona and has subjected itself to the jurisdiction of this Court, because its tortious acts and omissions, from which this lawsuit arises, occurred in Mohave County, Arizona. Defendant STI Trucking may be served with process by serving its registered agent Truck Process Agents of America, Inc. c/o Gary T. Doyle at 2929 N. 45th St., Suite 120, Phoenix, AZ 85018 and/or wherever it may be found.

7.      Defendant STI Trucking was at all times relevant engaged in interstate commerce as a commercial motor carrier subject to the Federal Motor Carrier Safety

Administration (FMCSA) Rules and Regulations as well as Commercial Motor Vehicle Rules of the Road of the State of Arizona.

8.     At all times material to this action, Defendant Alexander Kim (hereinafter "Mr. Kim" or "Defendant Kim") was a professional truck driver, driving for Defendant STI Trucking.

9.     Defendant Kim is a non-resident of Arizona doing business in Mohave County, Arizona and has subjected himself to the jurisdiction of this Court, because his tortious acts and omissions, from which this lawsuit arises, occurred in Mohave County, Arizona. Defendant Kim may be served with personal service pursuant to Fed. R. Civ. P. 4(k)(1)(A) and Ariz. R. Civ. P. 4.2 at 6336 98th St., Apt. 2C, Rego Park, NY 11374 and/or wherever he may be found.

10.    Upon information and belief, Defendant Kim at all times relevant was married to Jane Doe Kim. Plaintiff may ask leave of this Court to amend this Complaint to insert the true name of Defendant Jane Doe Kim when it becomes known to Plaintiff.

11.    All acts of Defendant Kim were done for and on behalf of himself, individually, the community comprised of himself and Jane Doe Kim, and/or in his capacity as an operator of the subject Commercial Truck.

12.    Defendant Kim was the operator of a white 2020 Volvo commercial truck, with vehicle Identification Number (VIN) 4V4NC9EH9LN218143 (hereinafter "Commercial Truck").

13.    Upon information and belief, at all times relevant, Defendant STI Trucking employed Defendant Kim to haul freight using its Commercial Truck.

14.     Defendant Kim was acting in the course and scope of his employment with Defendant STI Trucking as its agent and employee such that Defendant STI Trucking is liable for Defendant Kim's acts and omissions under principles of agency law, vicarious liability, and *respondeat superior*.

15.     At all times material to this action, Defendant Dmitry Karp (hereinafter "Mr. Karp" or "Defendant Karp") was a driver trainer for Defendant STI Trucking.

16.     Defendant Karp is a non-resident of Arizona doing business in Mohave County, Arizona and has subjected himself to the jurisdiction of this Court, because his tortious acts and omissions, from which this lawsuit arises, occurred in Mohave County, Arizona. Defendant Karp may be served with personal service pursuant to Fed. R. Civ. P. 4(k)(1)(A) and Ariz. R. Civ. P. 4.2 at 219 Brightwater Court, Apt. C8, Brooklyn, NY 11235 and/or wherever he may be found.

17.     Upon information and belief, Defendant Karp at all times relevant was married to Jane Doe Karp. Plaintiff may ask leave of this Court to amend this Complaint to insert the true name of Defendant Jane Doe Karp when it becomes known to Plaintiff.

18.     Defendant Karp was acting in the course and scope of his employment with Defendant STI Trucking as its agent and employee such that Defendant STI Trucking is liable for Defendant Karp's acts and omissions under principles of agency law, vicarious liability, and *respondeat superior*.

19.     Leading up to and at the time of the crash, Defendant Karp was Defendant Kim's driver trainer.

20.     Upon information and belief, at all times relevant, Defendant STI Trucking employed Defendant Karp as a driver trainer.

21.     All acts of Defendant Karp were done for and on behalf of himself, individually, the community comprised of himself and Jane Doe Karp, and/or in his capacity as a driver trainer for Defendant STI Trucking.

22.     Defendants are all separately comparatively negligent for their own, separate negligent acts and/or omissions.

23.     Pursuant to *Arizona Revised Statutes § 12-2506*, the negligent acts and/or omissions of each Defendant must be compared to the negligent acts and/or omissions of every other Defendant to determine the Defendants' relative degrees of fault.

24.     Defendant STI Trucking was properly served with process in this civil action.

25.     Defendant Kim was properly served with process in this civil action.

26.     Defendant Karp was properly served with process in this civil action.

27.     This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The Court has personal jurisdiction over the parties, and venue is proper pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the acts and omissions that give rise to the claims in the Complaint occurred within the District of Arizona.

## **GENERAL ALLEGATIONS**

28.     Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

29.     Defendant STI Trucking has a duty to write, create or otherwise enact and have in place policies and procedures consistent with DOT regulations governing driving;

and operational safety of motor vehicles, including hiring qualified drivers, drivers' hours of service and vehicle inspection, repair, and maintenance. Such duty includes properly supervising its business operations by monitoring the driving habits and records of its drivers in compliance with federal regulations and industry standards. 49 CFR §383.110; 383.111; 383.113

30.     On the afternoon of August 22, 2020, a commercial motor vehicle owned by Defendant STI Trucking and operated by Defendant Kim, travels eastbound on Interstate 40 at or around milepost 80, in Mohave County, Arizona.

31.     Defendant Karp, Defendant Kim's driver trainer, is also present in the commercial vehicle.

32.     Defendant Karp allows Defendant Kim to drive Defendant STI Trucking's Commercial Truck.

33.     Defendant Kim could not speak the English language sufficiently to provide a response to official inquiries.

34.     Defendants Kim and Karp act in the course and scope of their employment with Defendant STI Trucking.

35.     Defendant STI Trucking chooses not to maintain the truck in safe working order.

36.     Defendant Kim chooses not to perform a proper inspection of the Commercial Truck.

37.     Defendant Kim chooses not to pay attention to the other vehicles around the Commercial Truck.

38.     Defendant Kim chooses not to perform a proper visual search around the Commercial Truck.

39.     Defendant Kim chooses not to perform proper speed management of the Commercial Truck.

40.     Defendant Kim chooses not to perform proper space management around the Commercial Truck.

41.     Defendant Kim fails to properly perceive hazards around the Commercial Truck.

42.     Defendant Kim chooses to perform an unsafe lane change and merge to his right.

43.     Defendant Kim smashes into the cab of a green semi-truck that was driving in the lane next to him.

44.     The driver of the green semi-truck is knocked unconscious and thrust off the road.

45.     The driver of that green semi-truck is Mr. Lucero.

46.     As a result of the collision, Mr. Lucero suffered serious injuries and damages, requiring medical treatment.

47.     Defendants knew or should have known that their conduct and choice not to use reasonable care foreseeably and predictably could cause severe harm and lacked precautions to eliminate, prevent or reduce the risk of harm.

48.     Defendants knew or should have known that negligent maintenance is one of the top contributing factors to highway truck crashes and is a factor in almost 40% of all semi-truck crashes. (NHTSA)

49.     Defendants knew or should have known that approximately 5,500 people are killed each year on U.S. roadways and an estimated 448,000 are injured in motor vehicle crashes involving distracted driving. (NHTSA Traffic Safety Facts: CDL Manual: Distracted Driving).

50.     The force of Defendant STI Trucking's commercial motor vehicle crash was a cause of Plaintiff's severe injuries.

## NEGLIGENT HIRING – DEFENDANT STI TRUCKING

51.     Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

52.     Defendant STI Trucking, as a Motor Carrier operating in Interstate Commerce under DOT authority, has a duty to use the degree of care, skill and judgment which a reasonably careful motor carrier would exercise under similar circumstances to eliminate, prevent or reduce the risk of foreseeable injury or damage to others on or near the road.

53.     Defendant STI Trucking had an independent and direct duty to hire employees who were competent to operate Defendant STI Trucking's commercial vehicles, and understood and adhered to basic principles of safety.

54.     Defendant STI Trucking knew or should have known that it is foreseeable for harm to a third person to result from failing to act reasonably in hiring Defendant Kim.

55.     Defendant STI chose not to conduct proper and required checks on the background of their employee, agent and/or contractor, Defendant Kim.

56.     Defendant STI chose not to conduct proper and required checks on the background of their employee, agent and/or contractor, Defendant Karp, prior to promoting him to driver trainer and entrusting him to oversee other drivers such as Defendant Kim.

57.     Defendant STI Trucking failed in the above-mentioned duties and is therefore negligent because Defendant Kim committed a tort against Plaintiff by smashing into Plaintiff's vehicle and causing him injuries while being trained by Defendant Karp.

58.     Defendant STI Trucking's act of negligent hiring is individually and/or combined a direct cause of Mr. Lucero's injuries because but for Defendant STI Trucking's failure to act reasonably and safely in hiring Defendant Kim, Mr. Lucero would not have been injured.

59.     Defendant STI Trucking's act of negligent hiring is individually and/or combined a direct cause of Mr. Lucero's injuries because but for Defendant STI Trucking's failure to act reasonably and safely in hiring Defendant Karp as a driver trainer, Mr. Lucero would not have been injured.

60.     Defendant STI Trucking's acts of negligent hiring are individually and/or combined a proximate cause of Mr. Lucero's injuries because it is foreseeable that failing to act reasonably and safely in its hiring practices would cause harm to others, including Mr. Lucero.

61.     Defendant STI Trucking's negligent hiring directly and proximately caused Mr. Lucero pain, discomfort, suffering, mental and emotional anguish, anxiety, medical

expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

## NEGLIGENT TRAINING – DEFENDANT STI TRUCKING

62.     Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

63.     Defendant STI Trucking, as a Motor Carrier operating in Interstate Commerce under DOT authority, has a duty to use the degree of care, skill and judgment which a reasonably careful motor carrier would exercise under similar circumstances to eliminate, prevent or reduce the risk of foreseeable injury or damage to others on or near the road.

64.     Defendant STI Trucking chose not to teach Defendant Karp how to properly train another driver in their fleet prior to promoting him to driver trainer and entrusting him to oversee other drivers.

65.     Defendant STI Trucking had an independent and direct duty to act reasonably and safely in training its employees, including Defendant Kim.

66.     Defendant STI Trucking has a duty to promulgate, instruct, comply with and to require its drivers to comply with all applicable rules and regulations to ensure its drivers and vehicles were reasonably safe.

67.     Defendant STI Trucking has a duty under applicable federal law that whenever a duty is prescribed for a driver or a prohibition is imposed upon a driver, it shall be the duty of the Motor Carrier to require observance of such duty or prohibition.

68.     Defendant STI Trucking has a duty to write, create or otherwise enact and a duty to have in place policies and procedures consistent with DOT regulations governing driving; and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair, and maintenance.

69.     Defendant STI Trucking knew or should have known that it is foreseeable for harm to a third person to result from failing to act reasonably in training Defendant Kim.

70.     Defendant STI Trucking chose not to properly train Defendant Kim in the following areas:

    a.  Pre-trip vehicle inspections;

    b.  Driving while distracted and/or fatigued;

    c.  Driving defensively;

    d.  Operating the commercial vehicle at a careful and prudent speed not greater than what was reasonable and proper under the circumstances and conditions;

    e.  Understanding speed management and the effects of speed, including visibility and stopping distances;

    f.  Understanding space management and controlling the space around the commercial vehicle;

    g.  Checking blind spots; and

    h.  Proper lane change.

71.     Defendant STI Trucking chose not to properly train its drivers to comply with all applicable safety rules and regulations and is therefore negligent because Defendant Kim

committed a tort against Plaintiff by smashing into Plaintiff's vehicle and causing him injuries.

72.     Defendant STI Trucking's act of negligent training is individually and/or combined a direct cause of Mr. Lucero's injuries because but for Defendant STI Trucking's failure to act reasonably and safely in training Defendant Kim, Mr. Lucero would not have been injured.

73.     Defendant STI Trucking's act of negligent training is individually and/or combined a proximate cause of Mr. Lucero's injuries because it is foreseeable that failing to act reasonably and safely in its training practices would cause harm to others, including Mr. Lucero.

74.     Defendant STI Trucking's negligent training directly and proximately caused Mr. Lucero pain, discomfort, suffering, mental and emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

**NEGLIGENT SUPERVISION & RETENTION – DEFENDANT STI TRUCKING**

75.     Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

76.     Defendant STI Trucking, as a Motor Carrier operating in Interstate Commerce under DOT authority, has a duty to use the degree of care, skill and judgment which a reasonably careful motor carrier would exercise under similar circumstances to eliminate, prevent or reduce the risk of foreseeable injury or damage to others on or near the road.

77.     Defendant STI Trucking had an independent and direct duty to act reasonably and safely in supervising its employees, including Defendant Kim.

78.     Defendant STI Trucking has a duty to promulgate, instruct, comply with and to require its drivers to comply with all applicable rules and regulations to ensure its drivers and vehicles were reasonably safe.

79.     Defendant STI Trucking has a duty under applicable federal law that whenever a duty is prescribed for a driver or a prohibition is imposed upon a driver, it shall be the duty of the Motor Carrier to require observance of such duty or prohibition.

80.     Defendant STI Trucking has a duty to write, create or otherwise enact and a duty to have in place policies and procedures consistent with DOT regulations governing driving; and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair, and maintenance. Such duty includes properly supervising its business operations by monitoring the driving habits and records of its drivers in compliance with federal regulations and industry standards.

81.     Defendant STI Trucking knew or should have known that it is foreseeable for harm to a third person to result from failing to act reasonably in supervising Defendant Karp.

82.     Defendant STI Trucking knew or should have known that it is foreseeable for harm to a third person to result from failing to act reasonably in supervising Defendant Kim.

83.     Defendant STI Trucking knew or should have known that it is foreseeable for harm to a third person to result from failing to act reasonably in retaining Defendant Kim.

84.     Defendant STI Trucking chose not to supervise its employees, agents, and/or contractors, Defendants Karp and Kim.

85.     By way of example, and not limitation, STI Trucking did not properly supervise their employees for one or more of the following reasons:

   a.  Properly supervised CDL driver trainers do not permit driver trainees to perform unsafe lane changes without first checking for other vehicles around them;

   b.  Properly supervised CDL drivers do not perform unsafe lane changes without first checking for other vehicles around them; and

   c.  Properly supervised CDL drivers are not distracted from the roadway.

86.     Defendant STI Trucking chose not to supervise and enforce its drivers' compliance with all applicable safety rules and regulations and is therefore negligent because Defendant Kim committed a tort against Plaintiff by smashing into Plaintiff's vehicle and causing him injuries.

87.     Defendant STI Trucking's breach of its duties regarding retention and supervision are each individually and/or combined a direct cause of Mr. Lucero's injuries because but for Defendant STI Trucking's failure to act reasonably and safely in supervising and retaining Defendant Karp as a driver trainer, Mr. Lucero would not have been injured.

88.     Defendant STI Trucking's breach of its duties regarding retention and supervision are each individually and/or combined a direct cause of Mr. Lucero's injuries because but for Defendant STI Trucking's failure to act reasonably and safely in supervising and retaining Defendant Kim, Mr. Lucero would not have been injured.

89.     Defendant STI Trucking's breach of its duties regarding retention and supervision are each individually and/or combined a proximate cause of Mr. Lucero's

injuries because it is foreseeable that failing to act reasonably and safely in supervising and retaining Defendant Karp, would cause harm to others, including Mr. Lucero.

90.    Defendant STI Trucking's breach of its duties regarding retention and supervision are each individually and/or combined a proximate cause of Mr. Lucero's injuries because it is foreseeable that failing to act reasonably and safely in supervising and retaining Defendant Kim, would cause harm to others, including Mr. Lucero.

91.    Defendant STI Trucking's negligent supervision and retention of its employees directly and proximately caused Mr. Lucero pain, discomfort, suffering, mental and emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

## NEGLIGENT MAINTENANCE – DEFENDANT STI TRUCKING

92.    Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

93.    Defendant STI Trucking had a duty to inspect, repair, and maintain the motor vehicles in its fleet.

94.    Upon information and belief, Defendant STI Trucking failed in the above-mentioned duties and violated state and federal statutes and regulations.

95.    CDL drivers, such as Defendant Kim, who are in a well-maintained vehicle, do not perform unsafe lane changes without first checking for other vehicles around them and being able to see them to avoid crashes from unsafe lane changes.

96.    Defendant STI Trucking's statutory violations directly and proximately caused Mr. Lucero's injuries and damages, which have caused Mr. Lucero pain, discomfort,

suffering, mental and emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

97.     Defendant STI Trucking is negligent *per se* based on these statutory and regulatory violations.

## NEGLIGENT ENTRUSTMENT – DEFENDANT STI TRUCKING

98.     Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

99.     Defendant STI Trucking had a duty to entrust its equipment only to employees who had been trained in the safe operation of that equipment and who were competent in that operation.

100.     Defendant STI Trucking breached its duty when it entrusted its commercial vehicle an employee who did not have the requisite knowledge and training.

101.     Defendant STI Trucking's negligent entrustment directly and proximately caused Mr. Lucero pain, discomfort, suffering, mental and emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

## STATUTORY VIOLATIONS – DEFENDANT STI TRUCKING

102.     Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

103.     Upon information and belief, Defendant STI Trucking violated and encouraged Defendant Kim to violate state and federal statute and regulations, including but

not limited to *Arizona Revised Statues § 28-701(A)* and *§ 28-729(1)* and *49 C.F.R. §383,* et seq.; *§385, et seq.; §390, et seq.; §391, et seq.; §392 et seq.; §393 et seq.; §395, et seq.;* and *§396 et seq.*

104.    Defendants STI Trucking and Kim's statutory violations directly and proximately caused Mr. Lucero's injuries and damages, which have caused Mr. Lucero pain, discomfort, suffering, mental and emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

105.    Defendant STI Trucking is negligent *per se* based on these statutory and regulatory violations.

## RESPONDEAT SUPERIOR – DEFENDANT STI TRUCKING

106.    Plaintiff incorporates each and every allegation previously set forth as if set forth herein.

107.    Defendant STI Trucking was at all relevant times a motor carrier as defined by the Federal Motor Carrier Safety Regulations and was engaged in interstate commerce. As such, Defendant STI Trucking was at all relevant times subject to the Federal Motor Carrier Safety Regulations.

108.    At all times material hereto, Defendant STI Trucking was the employer of Defendant Karp as defined by the Federal Motor Carrier Safety Regulations, 49 C.F.R. §§ 383.5 and/or 390.5.

109.     At all times material hereto, Defendant STI Trucking was the employer of Defendant Kim as defined by the Federal Motor Carrier Safety Regulations, 49 C.F.R. §§ 383.5 and/or 390.5.

110.     At all relevant times, Defendant Karp was/is an employee, agent, servant, or independent contractor for Defendant STI Trucking and was acting within the course and scope of his employment, under the direct control of Defendant STI Trucking.

111.     At all relevant times, Defendant Kim was/is an employee, agent, servant, or independent contractor for Defendant STI Trucking and was acting within the course and scope of his employment, under the direct control of Defendant STI Trucking.

112.     At the time of the subject collision, Defendant Kim was operating a commercial vehicle under dispatch and under the authority granted to Defendant STI Trucking by the Federal Motor carrier Safety Administration and under the training and supervision of Defendant Karp.

113.     Thus, Defendant STI Trucking is vicariously liable for the negligent actions and omissions of Defendant Karp under the doctrine of *respondeat superior* and/or the rules of agency.

114.     Accordingly, Defendant STI Trucking is vicariously liable for the negligent actions and omissions of Defendant Kim under the doctrine of *respondeat superior* and/or the rules of agency.

## <u>NEGLIGENCE – DEFENDANT KIM</u>

115.     Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

116.     At all times material hereto, Defendant Kim was a professional driver with a commercial driver's license (CDL).

117.     At all times material hereto, Defendant Kim was driving a commercial motor vehicle in interstate commerce and was subject to not only Arizona traffic laws and trucking safety regulations, but also the Federal Motor Carrier Safety Regulations.

118.     Defendant Kim has a duty to perform a proper inspection of the truck and use the degree of care, skill and judgment which an ordinary, reasonably careful CDL professional driver would exercise under similar circumstances to eliminate, prevent or reduce the risk of foreseeable injury or damages.

119.     Defendant Kim negligently chose to breach the duty he owed to others on or near the road, including Plaintiff, in one or more of the following ways:

a.   Failing to perform a proper inspection of the truck;

b.   Driving while distracted and/or fatigued;

c.   Failing to drive defensively;

d.   Failing to operate the commercial vehicle at a careful and prudent speed not greater than what was reasonable and proper under the circumstances and conditions;

e.   Failure to understand speed management and the effects of speed, including visibility and stopping distances;

f.   Failure to understand space management and controlling the space around the commercial vehicle;

g.   Failure to check blind spots;

h.  Improper lane change; and

i.  Otherwise failing to act reasonably and prudently as a professional commercial driver should under the circumstances.

120.  Defendant Kim failed in the above-mentioned duties by failing to control his vehicle causing a crash and was therefore negligent.

121.  Defendant Kim's negligence directly and proximately caused Mr. Lucero pain, discomfort, suffering, mental and emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

## STATUTORY VIOLATIONS – DEFENDANT KIM

122.  Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

123.  Upon information and belief, Defendant Kim violated state and federal statutes and regulations, including but not limited to *Arizona Revised Statues § 28-701(A) and § 28-729(1)* and *49 C.F.R. §383, et seq.*; *§385, et seq.*; *§390, et seq.*; *§391, et seq.*; *§392, et seq.*; *§393, et seq.*; *§395, et seq.*; and *§396, et seq.*

124.  Defendant Kim's statutory violations directly and proximately caused Mr. Lucero's injuries and damages, which have caused Mr. Lucero pain, discomfort, suffering, mental and emotional anguish, anxiety, medical expenses, future medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

125. Defendant Kim is negligent *per se* based on these statutory and regulatory violations.

## PUNITIVE DAMAGES – DEFENDANTS STI TRUCKING, KARP, & KIM

126. Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

127. Defendants knew that they could make more money by allowing an unqualified, untrained, and improperly supervised driver to operate Defendant STI Trucking's Commercial Truck to operate longer within the maximum driving time allowed without the need to stop, thus making more money.

128. The actions of Defendants STI Trucking, Karp, and Kim each demonstrate an evil mind, because they acted to serve their own business interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of others.

129. The actions of Defendants STI Trucking, Karp, and Kim each demonstrate an evil mind, because they consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others.

130. The actions of Defendants STI Trucking, Karp, and Kim each demonstrate a conscious disregard for the rights and safety of Mr. Lucero and the rest of the public.

131. The actions of Defendants STI Trucking, Karp, and Kim each directly and proximately caused Mr. Lucero's injuries and damages, which have caused Mr. Lucero pain, discomfort, suffering, mental and emotional anguish, anxiety, medical expenses, future

medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life, in an amount to be determined at trial.

132.    Mr. Lucero demands punitive damages against Defendants STI Trucking, Karp, and Kim.

**INJUNCTION– DEFENDANTS STI TRUCKING, KARP, & KIM**

133.    Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

134.    Pursuant to Rule 65(a), Plaintiff provides notice to Defendants regarding the destruction of evidence relating to the Commercial Truck involved in the subject crash.

135.    Plaintiff requests that Defendants refrain from the following:

a.   Removing the tractor and/or trailer from its current location until such time as an inspection, examination, photographing of the tractor and trailer.

b.   Removing the log books, electronic logs, receipts, notebooks, day planners, bills of lading, trip documents, toll payment devices, pre-pass devices, GPS units, mobile phones, certificates, registrations, and any other contents of the tractor and trailers until such time as an inspection, examination, photographing of said tractor and trailers can be completed.

c.   Removing or relocating the tractor and/or trailers from its current location until such time as the black box, electronic control device, fleet management system, on-board computer, dash camera, and/or GPS device information can be downloaded.

d.  Removing, tampering with, altering, and deleting the data on the electronic mobile devices in the possession of the truck driver operating the tractor and trailers at the time of the crash.

**WHEREFORE**, Plaintiff Joseph Lucero respectfully requests a trial by jury and prays for judgment against Defendants and each one as set forth hereinabove as follows:

a)  For general damages for Plaintiff in a fair, just and reasonable sum;

b)  For past, present and future medical expenses, and other special damages including but not limited to lost wages and loss of earning capacity, incurred by Mr. Lucero in a sum according to proof;

c)  For punitive damages;

d)  For Plaintiff's costs incurred herein;

e)  For interest on damages at the statutory rate from the time incurred; and

f)  For such other and further relief as the Court may deem just and proper.

DATED this 2nd day of March, 2022.

**THE SKIVER LAW FIRM**

By:   /s/ Ryan Skiver
Ryan Skiver
Stephen A. Skiver
7201 East Camelback Road, Suite 290
Scottsdale, Arizona 85251
rskiver@skiverlawfirm.com
sskiver@skiverlawfirm.com
(480) 626-1667
*Attorneys for Plaintiff*