**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Lucero, | No. CV-22-08035-PCT-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| STI Trucking Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Second Motion for Partial Summary Judgment: Punitive Damages (Doc. 103) and the required statement of facts (Doc. 104). Plaintiff filed a response (Doc. 105) and a contravening statement of facts (Doc. 106), to which Defendant replied (Doc. 108). After reviewing the parties' arguments and relevant case law, the Court will grant Defendants' Motion.

**I.     BACKGROUND**

The Court recounted much of this case's factual background in its previous summary judgment Order (Doc. 98). However, for ease of reference it is repeated here.

This is a personal injury action involving two semi-trucks traveling east on Interstate 40 in Mohave County, Arizona. (Doc. 1 at 2.) The collision occurred on August 22, 2020. (*Id.*) Defendant, Alexander Kim, was driving a white 2020 Volvo semi-truck, owned by Defendant STI Trucking Inc. ("STI"). (*Id.* at 2, 6.) Defendant Alexander Karp, Kim's driver trainer, was also in the truck but was asleep at the time of the collision. (*Id.* at 6; Doc. 88 at 12.) Plaintiff was driving a green 2020 Mack semi-truck. (Doc. 1 at 7.) At the

time of the accident, both Kim and Karp were employees of STI. (*Id.* at 6–8.) The accident occurred when Kim attempted to merge into the lane that Plaintiff was driving in and collided with Plaintiff's truck. (Doc. 104 at 2 ¶ 2.) Plaintiff was transported to Kingman Regional Medical Center for treatment. (Doc. 89-3 at 1.) Law enforcement issued Defendant Kim a traffic citation at the scene for an unsafe lane change. (Doc. 106 at 10 ¶ 19.)

Plaintiff originally brought several claims against STI, Karp, and Kim. (*See generally* Doc. 1.) Defendants then moved for summary judgment on the negligent entrustment claim, the negligent hiring, training, and supervision and retention claims, and the negligence per se claim arising out of Federal Motor Carrier Safety Administration ("FMCSA") violations against STI and sought to "dismiss" Karp from the case. (Doc. 72.) The Court granted summary judgment for Plaintiffs as to the negligent entrustment claim and the negligent hiring, training, supervision and retention claims, but denied summary judgment as to on the negligence per se claim based on 49 C.F.R. §§ 382.303(a)(2) and 383.111(a)(7). (Doc. 98.) Based on this Order, the Court dismissed Defendants Dimitry Karp and Jane Doe Karp from the case. (Doc. 109.)

The only remaining claims are negligence claims against Kim and the vicarious liability claims against STI. Now before the Court is the issue of whether punitive damages are available for these claims.

## II.   LEGAL STANDARD

Summary judgment is appropriate in circumstances where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of a case under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Factual disputes are genuine when the evidence could allow a reasonable jury to find in favor of the nonmoving party. *Id.* "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record" or by "showing that an adverse party cannot produce admissible evidence to

support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B).  Additionally, the Court may enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

When considering a motion for summary judgment, a court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The Court must draw all reasonable inferences in the nonmovant's favor. *Anderson*, 477 U.S. at 255.  Additionally, the Court does not make credibility determinations or weigh the evidence. *Id.* at 253.  The determination of whether a given factual dispute requires submission to a jury is guided by the substantive evidentiary standards that apply to the case. *Id.* at 255.

The burden initially falls with the movant to demonstrate the basis for a motion for summary judgment, and they must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323.  If this initial burden is not met, the nonmovant does not need to produce anything. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000).  However, if the initial burden is met by the movant, then the nonmovant has a burden to establish that there is a genuine issue of material fact. *Id.* at 1103.  The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Zenith Radio Corp.*, 475 U.S. at 586.  Bare assertions alone do not create a material issue of fact, and "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 247–50 (citations omitted).

**III.   DISCUSSION**

Courts may not award punitive damages based simply on negligence, gross negligence or recklessness. *Rawlings v. Apodaca*, 726 P.2d 565, 578 (Ariz. 1986).  Instead, under Arizona law, a plaintiff may only be entitled to punitive damages where they can show that the defendant acted "with a knowing, culpable state of mind." *Gurule v. Illinois*

*Mut. Life and Cas. Co.*, 734 P.2d 85, 86 (Ariz. 1987). "[U]nless the evidence establishes that . . . [the] defendant acted with an evil mind, punitive damages are unnecessary because compensatory damages adequately deter." *Id.* "To establish an evil mind requires clear and convincing evidence that the defendant's actions either (1) intended to cause harm, (2) were motivated by spite, or (3) were outrageous, creating a 'substantial risk of tremendous harm to others.'" *Swift Transportation Co. of Arizona L.L.C. v. Carman*, 515 P.3d 685, 692 (Ariz. 2022) (quoting *Volz v. Coleman Co.*, 748 P.2d 1191, 1194 (Ariz. 1987)). As applied to negligence cases, the only way a plaintiff can meet this burden is by demonstrating "the outrageousness of the defendant's conduct is such that the defendant had 'an evil mind' when engaging in such conduct." *Id.* Accordingly, "a plaintiff generally must show that the defendant's conduct was 'outrageous, oppressive or intolerable,' and 'create[d] [a] substantial risk of tremendous harm,' thereby evidencing a 'conscious and deliberate disregard of the interest[s] and rights of others.'" *Id.* (cleaned up). In other words, "a plaintiff must establish that the defendant knew, or intentionally disregarded, facts that created an unreasonable risk of physical harm—a risk substantially greater than that necessary to make his or her conduct negligent or even grossly negligent—and consciously disregarded that risk." *Id.* at 693.

Defendants argue that the instant holding in *Swift* precludes punitive damages here. (Doc. 103 at 5.) Conversely, Plaintiff argues that he can raise a genuine issue of fact as to Defendant Kim acting with an evil mind based on the approach taken in other Arizona cases. (Doc. 105 at 4.)

Plaintiff cites to *Purdy v Metcalf*, 502 P.3d 36, 43 (Ariz. Ct. App. 2021) for the premise this Court should use a multi-factor test applied on a case-by-case basis "totality of the circumstances" approach to decide whether punitive damages are warranted here. (Doc. 105 at 8.) Although *Purdy* may stand for this proposition, *Swift* is a more recent case from the Arizona Supreme Court and is therefore controlling. The Court in *Swift* did not use, or mention, a "totality of the circumstances" test when analyzing punitive damages in a truck crash negligence claim. *See generally Swift*, 515 P.3d 685. Instead, the *Swift* court

affirmed that the standard for whether punitive damages are available for this kind of tort is whether the defendant acted outrageously, with an "evil hand" and an "evil mind." *Id.* at 692.

Here, in light of *Purdy*, Plaintiff asks the Court to consider the following actions in making its determination on the availability of punitive damages. First, Plaintiffs note that an expert report indicates that Defendant may have been distracted while driving. (Doc. 89-5.) Next, although the parties dispute the severity of his injuries, Plaintiff was injured in the collision and Defendant was issued a traffic citation[1] for an unsafe lane change. (Doc. 106 at 8 ¶ 28; Doc. 100 at 2 ¶ 2.) Plaintiff also asks the Court to consider that Defendant Kim obstructed the collection of evidence by not giving a recorded or written statement to STI and by not taking photos of the crash. (Doc. 105 at 10.) Plaintiff also alleges that the fact that Kim is a professional driver and was operating a "larger size" truck supports the ability to collect punitive damages. (*Id.* at 9.) Lastly, Plaintiff claims that Kim's "maneuver" of passing Plaintiff going uphill was "reckless driving" which should be considered in making punitive damages available. (*Id.* at 11.)

In listing these factors, Plaintiff asks the Court to consider the "totality of the circumstances" to determine whether Defendant disregarded a substantial risk thereby warranting punitive damages. (*Id.* at 9.) However, as Defendants note, "disregard of a substantial risk" is a much lower standard than what is required for punitive damages under *Swift*. In fact, the court in *Swift* rejected the notion that mere disregard of a substantial risk is enough to allow punitive damages, and instead found that a defendant must take an *outrageous* action that "*create[es]* a substantial risk of *tremendous* harm." *Swift*, 515 P.3d at 693 (emphasis added). Here, instead of presenting how the facts show that Kim's action of changing lanes while going uphill in a large vehicle was *outrageous*, Plaintiffs argue only that he consciously disregarded a risk. This, as a matter of law, is not enough to be able to bring the issue of punitive damages before a jury.

Using the same standard, the Court also finds that there is not a genuine fact issue

---

[1] Plaintiffs briefing attempts to color this ticket as a criminal charge. (Doc. 105 at 10.) This is false. Kim was only ever issued a *civil* traffic citation. (Doc. 74-1.)

as to whether STI acted with an evil mind to make punitive damages available. As Defendants note, Plaintiff's Response and statement of facts attempts to recast their negligent training claim against STI as evidence that can be used to support punitive damages in the remaining vicarious liability claims. The Court already found that the record failed to support a finding that Kim was incompetent or that STI failed to train him. (Doc. 98 at 7–9.) Further, Plaintiff's allegation that STI did not have a safety manager is faulty at best, as the owner testified that he acts as a safety manager and there is a system in place to prevent crashes. (Doc. 75-2.) However, even if there is a question on whether there was an adequate safety manager, this is still insufficient to show that STI acted with an evil mind. *Swift*, 515 P.3d at 694 (finding that a mere violation of safety protocol or regulation may amount to negligence but does not rise to being "outrageous conduct" so to warrant punitive damages).

Finally, as to the argument that Plaintiff's pro se negligence claims should be subject to punitive damages because they constitute a regulatory violation, the Court is not persuaded. As explained in this Court's previous Order, in Arizona, a "person who violates a statute enacted for the protection and safety of the public is guilty of negligence per se." *Jensen v. EXC, Inc.*, No. CV-15-08019-PHX-SPL, 2019 WL 588034, at *3 (D. Ariz. Feb. 13, 2019) (quoting *Good v. City of Glendale*, 722 P.2d 386, 389 (Ariz. Ct. App. 1986)). After this Court's previous summary judgment Order, the only questions on regulatory violations that remain are for 49 C.F.R. § 382.303(a)(2), which requires post-crash testing for drugs and alcohol and 49 C.F.R. § 383.111(a)(7), which requires all CMV operators to have knowledge in the importance of proper visual search and proper visual search methods. The Court already found that punitive damages are not available for these kinds of violations. (Doc. 98 at 11); *see also* 25A C.J.S. Damages § 228 (2023); *Swift*, 515 P.3d 694 ("Moreover, even if . . . conduct violated such a regulation, without more, such failure is a far cry from the outrageous or quasi-criminal conduct sufficient to establish an evil mind.").

…

IV. CONCLUSION

Accordingly,

**IT IS ORDERED** granting Defendants' Second Motion for Partial Summary Judgment: Punitive Damages (Doc. 103).

**IT IS FURTHER ORDERED** dismissing punitive damages as to all parties.

Dated this 8th day of April, 2024.

Honorable Susan M. Brnovich
United States District Judge