WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Lucero,<br><br>    Plaintiff,<br><br>v.<br><br>STI Trucking Incorporated, et al.,<br><br>    Defendants. | No. CV-22-08035-PCT-SMB<br><br>**ORDER** |

Pending before the Court is Defendants' Motion for New Trial and Renewed Motion for Judgement as a Matter of Law (Doc. 181). The Court has read and considered the Motion[1], Plaintiff's Response (Doc. 194), and Defendant's Reply (Doc. 203) and will deny the Motion.

**I.   BACKGROUND**

Plaintiff filed the Complaint in this case after he was injured in a trucking accident. (*See* Doc. 1.) Plaintiff was driving a tractor trailer eastbound in the outside lane of Interstate 40. Defendant Alexander Kim, an employee of STI Trucking, Inc., was also driving a tractor trailer but was on the inside lane. Defendant Kim was driving slightly faster than Plaintiff. As the front end of Kim's tractor trailer passed Plaintiff's, Kim attempted to move into Plaintiff's lane, which resulted in Kim's vehicle side-swiping the cab of Plaintiff's vehicle. Plaintiff was briefly knocked unconscious but was able to

---

[1] Defendants also filed, and the Court reviewed, a Supplemental Motion for New Trial at ECF No. 208. Defendant's supplemental brief was not substantive but merely added citations to the complete trial transcripts.

navigate his tractor trailer to a safe stop at the side of the road. Plaintiff sustained injuries as a result of the accident. The case went to trial on May 7, 2024. After seven days, the jury found in favor of Plaintiff and awarded $2.25 million dollars in damages.

## II. LEGAL STANDARD

### A. Judgment as a Matter of Law

"A judgment as a matter of law is appropriate when the evidence permits only one conclusion." *Price v. Kramer*, 200 F.3d 1237, 1244 (9th Cir. 2000) (citing *Lawson v. Umatilla County*, 139 F.3d 690, 692 (9th Cir. 1998)). "A district court court can grant a Rule 50(a) motion for judgment as a matter of law only if 'there is no legally sufficient basis for a reasonable jury to find for a party on an issue.'" *Krechman v. Cty. of Riverside*, 723 F.3d 1104, 1109 (9th Cir. 2013) (*Jorgensen v. Cassiday*, 320 F.3d 906, 917 (9th Cir. 2003)). When ruling on such a motion, the Court "'may not substitute its view of the evidence for that of the jury.'" *Id.* (quoting *Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1283 (9th Cir. 2001)). Additionally, the Court must draw all reasonable inferences in favor of the non-moving party and take care not to reweigh the evidence. *See Tan Lam v. City of Los Banos*, 976 F.3d 986, 995 (9th Cir. 2020).

### B. New Trial

Under Rule 59(a)(1)(A), a court may grant a new trial after a jury trial for "any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). A motion for new trial may be granted based on insufficiency of the evidence "only if the verdict is against the 'great weight' of the evidence or 'it is quite clear that the jury has reached a seriously erroneous result.'" *Venegas v. Wagner*, 831 F.2d 1514, 1519 (9th Cir. 1987) (quoting *Digidyne Corp. v. Data General Corp.*, 734 F.2d 1336, 1347 (9th Cir. 1984)). "The authority to grant a new trial . . . is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980); *Dees v. Cty. of San Diego*, 960 F.3d 1145, 1151 (9th Cir. 2020).

## III. DISCUSSION

**A. Judgment as a Matter of Law**

Defendants renew their motion for judgment as a matter of law on the issue of causation related to Plaintiff's eye condition and lost wages. (Doc. 181 at 1, 9–10.) Specifically, Defendants argue that medical testimony was necessary to tie Plaintiff's eye condition to the accident. (*Id.* at 10.) In response, Plaintiff argues that medical testimony was not necessary under Arizona law. (Doc. 194 at 15–17.)

Ordinarily, "a jury would require expert medical evidence to help it to determine whether an illness resulted from particular acts." *Crystal Coca-Cola Bottling Co. v. Cathey*, 317 P.2d 1094, 1100 (Ariz. 1957). Indeed, "expert causation testimony is necessary unless causation is readily apparent to the jury on the facts." *Sampson v. Surgery Cntr. of Peoria, LLC*, 491 P.3d 1115, 1119 (Ariz. 2021) (internal quotation marks omitted); *W. Bonded Prods. v. Indus. Comm'n*, 647 P.2d 657, 658 (Ariz. Ct. App. 1982) ("It has long been the law of this jurisdiction that where the result of an accident is not clearly apparent to a layman, the causal connection must be determined by expert medical testimony"). Thus, the Court's inquiry necessarily becomes whether, causation was readily apparent to a lay jury. *See Bogutz v. Arizona*, No. CV 03-454-TUC-RCC, 2007 WL 8723928, at * 3 (D. Ariz. Dec. 11, 2007).

Plaintiff argues that causation is satisfied through his own testimony coupled with a note in a medical record recognizing that his eye may have suffered trauma from the accident. (*See* Doc. 194 at 17.) Plaintiff testified that he "hit [his] head and broke . . . the glass" window of his truck. (Doc. 197 at 127.) Additionally, plaintiff testified that as a result of striking his head against the window, he suffered blurred vision, headaches, and neck pain. (*See, e.g.*, *id.* at 140.) To ameliorate the issues with his left eye after the accident, Plaintiff testified that he had been receiving injections on the left side of his face. (*See id.*)

Defendants presented the testimony of Dr. Jay Schwartz, who testified that the accident did not cause Plaintiff's vision problems. (Doc. 203-1 at 48.) Defendants also highlight that Plaintiff had a history of eye problems before the accident, including blurry

vision and fluid in the eye. (Doc. 208-1 at 47, 55.) Therefore, Defendants argue that the evidence on record makes causation purely speculative without supporting expert testimony.

The Court disagrees with Defendants. Here, the question of whether the accident would have led to Plaintiff's vision problems is not readily apparent to a layman. However, the jury was presented medical testimony from Defendants' expert Dr. Jay Schwartz, who testified that the accident did not cause Plaintiff's vision problems. (Doc. 203-1 at 48.) Evidently, the jury rejected Dr. Schwartz's testimony, finding a causal link between the accident and Plaintiff's eye injury. Indeed, a jury is not bound by expert testimony and can accept it or reject it, in whole or in part. Moreover, there is sufficient circumstantial evidence of an immediate eye injury from Plaintiff's testimony and Plaintiff's Exhibit 27(c), which contained a differential diagnosis about the eye that includes "trauma given recent [motor vehicle accident]." That evidence is sufficient for a jury to draw reasonable inferences to support a finding of proximate cause. *See Morrison v. Acton*, 198 P.2d 590, 594 (Ariz. 1948) (Testimony coupled with the reasonable inferences to be drawn are sufficient to justify the jury finding of proximate cause.)

### B. New Trial

Defendants move for a new trial on the grounds that the jury was not instructed on comparative fault, Plaintiff's lost wages damages are excessive and unsupported by causation, and Plaintiff's counsel prejudiced Defendants by using "reptile" tactics and implying insurance would pay any verdict. (Doc. 181 at 1.)

Defendants requested a jury instruction on comparative fault at trial, and the Court denied Defendants' request. "A district court therefore commits error when it rejects proposed jury instructions that are properly supported by the law and the evidence." *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009). Defendants essentially argue that evidence supported a comparative fault instruction because Plaintiff did not react quickly enough when Defendant Kim drove into Plaintiff's Lane. (Doc. 181 at 2–4.) Defendants contend that "[b]ecause Lucero failed to see what was happening to the side and in front of him, he

did nothing to protect himself by avoiding or minimizing the contact." (Doc. 208 at 4.)

In response, Plaintiff contends that the record is bereft of evidence showing fault on his part. (*See* Doc. 194.) The Court agrees. First, Plaintiff notes that, from the beginning of trial, Defendants maintained that they were at fault and take responsibility for the accident. (Doc. 194 at 5.) Defendants, however, contested the extent of Plaintiff's injuries and the calculation of the resulting damages. Here, both video and testimonial evidence reflects that Plaintiff was driving in the slow lane, properly wearing his seatbelt, and, after Kim struck his vehicle, Plaintiff managed to avoid the side rail and direct his trailer to a safe stop. (*See generally id.*) Defendants offer no other material evidence to show that Plaintiff was at fault. Therefore, the Court finds no error in refusing to give a comparative fault instruction.

Next, Defendants argue that a new trial should be granted because the jury verdict included damages for lost wages for which there is no support. (Doc. 181 at 4.) Specifically, Defendants contend that there is no competent evidence showing a causal link between the accident and any eye condition that rendered Plaintiff unable to work driving a truck. (*Id.*) In his Response, Plaintiff contends that there is no support in the record for the assertion that the jurors awarded any particular amount of money for economic damages. (Doc. 194 at 9–10.) First, as discussed, the Court finds that the evidence did support the jury finding of causation. Second, the verdict form did not delineate between damages for injuries and damages for lost wages, and Defendants did not ask for specific findings regarding damages. (*See id.* (citing Doc. 131; Doc. 132).) Therefore, the Court finds no error in the amount of damages the jury awarded Plaintiff. Additionally, the Court agrees with Plaintiff that the amount of damages awarded is supported solely by the physical injuries and damages related to mental, physical, and emotional pain.

Finally, Defendants claim prejudice because Plaintiff included a slide that mentioned insurance during closing argument and Plaintiff employed "reptile" tactics. (Doc. 181 at 5–7.) Regarding the insurance issue, Plaintiff points out that the slide does not contain the word "insurance"—the slide contains the phrase "who pays." (Doc. 194

- 5 -

at 11.) Moreover, insurance was not mentioned at trial when this slide was displayed. Thus, a juror would not necessarily infer that Defendants would be resting on its insurer to pick up the damages tab, and thereby cause prejudice to Defendants. The other instance at trial that the Court ought to weigh for prejudice regarding "who pays" the Plaintiff comes from Defense counsel's own line of questions. During the cross-examination of Plaintiff's expert economist Nik Volkov, Defendants' counsel asked about whether anyone would be "writing a check" at the end of the trial. (*Id.* at 11, 44–45.) Although, if prejudicial would be a self-inflicted wound, Defense counsel's comments about who would be "writing a check" are benign. At bottom, the Court finds that the jury did not infer Defendants had insurance that would pay a verdict. Moreover, even if such an inference could be made, it was unlikely that such an isolated mention prejudiced Defendants in the context of the entire trial.

Regarding reptile tactics, Defendants argue that Plaintiff's counsel used fear to motivate the jury to punish Defendants by awarding damages. (Doc. 181 at 7–9.) To support this argument, Defendants excerpt several pieces of the trial transcript, including parts of Plaintiff's opening statement, a single quotation during Plaintiff's own testimony, and statements made during closing argument. (*See id.*) The Court finds that the quoted passages focused the jury's attention to the safety issues implicated in the case but were not specially designed to inflame the jury. *See People of Guam v. Quichocho*, 973 F.2d 723, 727 (9th Cir. 1992) (stating that appeals to the jury to act as a conscience of the community are not impermissible unless they are specifically designed to inflame the jury); *cf. Roaf v. Stephen S. Rebuck Consulting, LLC*, 550 P.3d 173, 179–180 (Ariz. 2024) (finding prejudice where the plaintiff's counsel argued at closing that the jury must act "as the conscience of the community" to punish defendant for being "a company [that] does wrong" (alteration in original)). Therefore, the Court finds that no error occurred.

IV. **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** denying Defendants' Motion for New Trial and

- 6 -

Renewed Motion for Judgement as a Matter of Law (Doc. 181) and Supplemental Motion (Doc. 208).

Dated this 16th day of January, 2025.

_____
Honorable Susan M. Brnovich
United States District Judge